# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## Abingdon Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:10cr00002-006 |
| APRIL SHANNON HUTSON, et al., ) | **MEMORANDUM ORDER** |
| Defendants ) | |

This matter is before the undersigned on Defendant's Motion To Identify All Confidential Informants, (Docket Item No. 341), ("Motion"). Based on the arguments and representations of counsel presented at the March 8, 2010, hearing, and for the reasons set forth below, the Motion is **GRANTED in part and DENIED in part.**

The law recognizes a privilege held by the government to withhold from disclosure the identity of persons who furnish information of violations of law. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957). The Supreme Court, however, has held that the identity of a confidential informant must be disclosed where the information would be relevant and helpful to the defense of an accused. *See Roviaro*, 353 U.S. at 60-61. The Court has held that whether the identity of a confidential informant should be revealed depends upon the particular circumstances of each case, taking into consideration the crime charged and the possible defenses, the possible relevance and significance of the informant's testimony and other related factors. *See Roviaro*, 353 U.S. at 62.

In general, the Fourth Circuit Court of Appeals has held that, when a

confidential informant is an active participant in an alleged crime, the identity of the informant should be revealed. *See United States v. Price*, 783 F.2d 1132, 1138 (4th Cir. 1986); *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973). On the other hand, the Fourth Circuit has held that the identity of a "mere tipster" does not need to be revealed. *See McLawhorn*, 484 F.2d at 5. Furthermore, this circuit has placed the burden of showing the need for disclosure on the defendant. *See United States v. Blevins*, 960 F.2d 1252, 1258-59 (4th Cir. 1992). "Indeed, this circuit has made clear that the onus is on the defendant to 'come forward with something more than speculation as to the usefulness of such disclosure.'" *Blevins,* 960 F.2d at 1259 (quoting *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir. 1985)).

In this case, the defendant asserts that the identities of all 34 of the government's confidential informants are relevant and essential to the defense because they were "active participants in the alleged events that led to ... Leonard's arrest and are able to provide material information regarding these events." (Memorandum In Support Of Defendant's Motion To Identify All Confidential Informants, (Docket Item No. 342) ("Defendant's Brief"), at 4.) The government argues that Leonard has failed to meet his burden to require disclosure because he has not "particularly addressed each informant's status as either a 'tipster,' for which no disclosure is necessary, or as a 'participant,' for which disclosure may be justified." (Response To Defendant's Motions For Bill Of Particulars And To Identify All Confidential Informants, (Docket Item No. 475) ("Government's Brief"), at 5.)

The Indictment in this case charges each of the defendants, including Leonard, with conspiracy to distribute and possess with intent to distribute five kilograms or

more of cocaine, oxycodone and hydrocodone. Thus, the government's case will necessarily revolve around proving the extent, scope and subject of the alleged conspiracy. While the court does not know the full extent of the evidence that the government will produce at trial, the court does have the benefit of the 86-page Criminal Complaint used to initiate charges against the defendants.

Based on the information contained in the Criminal Complaint only one confidential source has offered any evidence against Leonard. The Criminal Complaint states:

> On December 9, 2009, CS-33 was interviewed in Blountville, TN. CS-33 stated that Johnathan LEONARD was addicted to cocaine and OxyContin. CS-33 stated that LEONARD was supplied drugs by Shannon HUTSON. CS-33 stated that HUTSON paid LEONARD with drugs to do construction work on her residence. CS-33 stated that LEONARD currently owed a drug debt to HUTSON in the amount of $10,000.00.

(Criminal Complaint at 28). The Complaint does not contain any explanation of how CS-33 gained this knowledge. There is no specific information contained in the Criminal Complaint to show that CS-33 or any other confidential source had alleged that he or she had personally witnessed Leonard either possess or distribute cocaine, oxycodone or hydrocodone. Thus, it would appear from the evidence before the court that, insofar as CS-33 provided evidence linking Leonard to this alleged drug conspiracy, CS-33 acted more in the role of a "tipster."

Nonetheless, what is clear from a review of the Criminal Complaint is that CS-33 and at least 27 of the other confidential informants were "active participants" in

this alleged drug conspiracy. The Criminal Complaint lists 33 specific confidential informants, identified as CS-1 through CS-34. There is no CS-26 mentioned in the Criminal Complaint. The Criminal Complaint also, on four separate occasions, references a "Sullivan County Sheriff's Office confidential source," ("SCSO CS"). The Criminal Complaint does not make clear whether these references are to one person or four separate persons. The Criminal Complaint does make clear that the following confidential sources were more that mere tipsters regarding this alleged drug conspiracy:

> CS-3, CS-4, CS-5 CS-6, CS-9, CS-10, CS-11, CS-12, CS-13, CS-14, CS-15, CS-17, CS-18, CS-19, CS-20, CS-21, CS-22, CS-23, CS-24, CS-25, CS-27, CS-28, CS-29, CS-30, CS-32, CS-33, CS-34 and the SCSO CS.

The Criminal Complaint contains allegations that each of these confidential sources either witnessed one or more of the defendants possess or distribute cocaine, oxycodone or hydrocodone or they purchased or sold cocaine, oxycodone or hydrocodone to or from one or more of the defendants or they personally assisted one or more of the defendants in the possession or distribution of cocaine, oxycodone or hydrocodone within the time period alleged in the Indictment. In fact, the evidence contained in the Criminal Complaint demonstrates that many of the above-listed confidential sources are unindicted co-conspirators.

That being the case, the court finds that Leonard has met his burden to show that the above-listed confidential sources have relevant and significant testimony to offer and that, under *Roviaro*, their identities should be revealed to the defendants. Therefore, it is **ORDERED** that the government shall reveal the identities of the

following confidential sources contained in the Criminal Complaint to defense counsel by no later than March 31, 2010:

    CS-3, CS-4, CS-5 CS-6, CS-9, CS-10, CS-11, CS-12, CS-13, CS-14, CS-15, CS-17, CS-18, CS-19, CS-20, CS-21, CS-22, CS-23, CS-24, CS-25, CS-27, CS-28, CS-29, CS-30, CS-32, CS-33, CS-34 and the SCSO CS.

The Clerk shall provide a copy of this Order to all counsel of record.

    ENTER:    March 22, 2010.

    /s/ *Pamela Meade Sargent*
    UNITED STATES MAGISTRATE JUDGE