# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

UNITED STATES OF AMERICA

v.

APRIL SHANNON HUTSON, et al.,

    Defendants

**REPORT AND RECOMMENDATION**
Case Number:
1:10cr00002

This matter is before the undersigned on the Defendant's Motion To Dismiss For Lack of Venue, (Docket Item No. 467), and Defendant's Motion To Dismiss (Docket Item No. 476), filed on behalf of Johnathan Trenton Leonard and Defendant's Motion To Dismiss For Lack of Venue, (Docket Item No. 480), and Defendant's Motion To Dismiss, (Docket Item No. 503), filed on behalf of Robert Allen Parks, ("Motions"). The court heard the Motions on March 8, 2010. Based on the arguments and representations of counsel and for the reasons set forth below, I recommend that the court deny the Motions.

*I. Facts*

Leonard and Parks are charged along with 34 other defendants with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, oxycodone and hydrocodone in violation of 21 U.S.C. § 846. The Indictment states:

1. On or about and between January 1, 2003 and January 13, 2010, in the Western District of Virginia and elsewhere, [the defendants] knowingly conspired together and with others, known and unknown to the grand jury, to distribute and possess with the intent to distribute five kilograms or more of cocaine, OxyContin (oxycodone) and its equivalents, Schedule II controlled substances, and Lortab (hydrocodone) and its equivalents, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D).

(Docket Item No. 55.) The Indictment also charges alleged co-conspirator April Shannon Hutson with one count of possession with intent to distribute and distribution of 500 grams or more of cocaine in the Western District of Virginia on or about October 16, 2007.

The government initiated this drug conspiracy charge by Criminal Complaint prior to the return of the Indictment. According to the Affidavit offered in support of the Criminal Complaint, very little activity related to the alleged conspiracy occurred in the Western District of Virginia. The activity alleged to have occurred in the Western District of Virginia includes:

1. On October16, 2007, David Trivett was arrested after delivering one-half kilogram of cocaine to a cooperating source in Bristol, Virginia.

Trivett stated that his source of the cocaine was April Shannon Hutson;

2. Carrie Evelyn Jarrett claims that she has been with Mike Taylor when he received delivery of cocaine from Kari Parks at the International House of Pancakes off of Exit #7 of Interstate 81 in Bristol, Virginia;

3. A Confidential Source (CS-6) interviewed in May 2008 stated that Kari Parks had delivered cocaine, which she obtained from April Shannon Hutson, to Caroline Steele in Abingdon, Virginia, in exchange for Roxicet tablets;

4. A Confidential Source (CS-12) stated that she dated Paul Thomas from June to October 2007. The source stated that Thomas, who lived in Bristol, Virginia, was a multi-ounce cocaine distributor for Kari Parks. The source stated that Thomas purchased ounces of cocaine on a daily basis from Parks. She claims he took the cocaine to Thomas's Bristol, Virginia, residence, repackaged it and sold it in the Bristol and Abingdon, Virginia, and Northeast Tennessee area;

5. On February 2, 2009, Kari Parks delivered controlled substances to Bobby Lee White at Interstate Bowl off of Exit #7 of Interstate 81 in Bristol, Virginia, and White distributed these substances to another individual;

6. Matthew Allen Branch has stated that from June to December 2007 he was the live-in boyfriend of Kari Parks. Branch stated that he had delivered ounces of cocaine from Parks to Marcus Watkins in Abingdon, Virginia; and

7. A Confidential Source (CS-23) was arrested in Russell County, Virginia, on May 25, 2009, in possession of eight dosage units of 80 mg.

OxyContin tablets. The source stated that Isaac Smith had "fronted" him the pills to sell.

*II. Analysis*

The defendants Leonard and Parks argue that the Indictment should be dismissed because of the lack of venue and because the Indictment is impermissibly duplicitous.

I will first address the defendant's argument that the Indictment should be dismissed because of the lack of venue. Article III, Section 2 of the U. S. Constitution states that all criminal trials shall be held in the state where the offense was committed. U. S. CONST. art. III, § 2. The Sixth Amendment to the U.S. Constitution states that "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. CONST. amend VI. Federal Rule of Criminal Procedure Rule 18 states: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18. Title 18 United States Code § 3237 states: "Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." "Furthermore, a conspiracy may be prosecuted in any district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed." *United States v. Gilliam*, 975 F.2d 1050, 1057 (4th Cir. 1992). It matters not that some

of the alleged co-conspirators had no direct connection with the district in which venue is laid. *See United States v. Levy Auto Parts of Canada*, 787 F.2d 946, 952 (4th Cir. 1986). For venue purposes, proof of acts by one co-conspirator within a district can be attributed to all members of the conspiracy. *See United States v. Al-Talib*, 55 F.3d 923, 928 (4th Cir. 1995).

The defendants incorrectly argue that only one overt act related to this conspiracy occurred in the Western District of Virginia – the October 16, 2007, delivery of one-half kilogram of cocaine from David Trivett to a cooperating source. They further argue that law enforcement officials arranged the location of this delivery to manufacture venue in the Western District of Virginia. While it is apparent from review of the Criminal Complaint that the bulk of the activities associated with this alleged drug conspiracy occurred in Northeast Tennessee, the Criminal Complaint contains a number of overt acts, set out above, which are alleged to have occurred within the Western District of Virginia. Furthermore, the Fourth Circuit has specifically rejected the defense of "manufactured venue." *See Al-Talib*, 55 F.3d at 929. The question before the court is not whether this case "should" be prosecuted in the Western District of Virginia. The question is "may" this case be prosecuted in the Western District of Virginia. Based on the language of 18 U.S.C. § 3237 and controlling Fourth Circuit precedent, I find that this case may be prosecuted in this district. I will recommend that the motions to dismiss based on lack of venue be denied.

Defendants Leonard and Parks also argue the Indictment be dismissed because it is impermissibly duplicitous. Duplicity is the "joining in a single count of two or

more distinct and separate offenses." *United States v. Hawkes*, 753 F.2d 355, 357 (4th Cir. 1985). The Indictment in this case charges Leonard and Parks in Count One with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, oxycodone and hydrocodone. The defendants argue that the Indictment is duplicitous in that the evidence in this case will show not one large-scale conspiracy to distribute all three drugs but, rather, two, maybe three, separate smaller conspiracies to distribute each drug separately. The Supreme Court has expressly rejected the contention that a count which charges a single conspiracy to commit several crimes is duplicitous. *See United States v. Marshall*, 332 F.3d 254, 262 (4th Cir. 2003) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942)). "Although it is improper to charge a single conspiracy when multiple conspiracies exist, ..., the question whether the evidence shows a single or multiple conspiracies is for the jury." *United States v. Urbanik*, 801 F.2d 692, 695 (4th Cir. 1986) (internal citations omitted).

In determining whether the government has properly charged one conspiracy, it is important to note that:

> ...[O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence. Critically, it is not necessary to proof of a conspiracy that it have a discrete, identifiable organizational structure; the requisite agreement to act in concert need not result in any such formal structure, indeed frequently, ... contemporary drug conspiracies, contemplate[] and result[] in only a loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market.

*United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). While the court does not yet have the benefit of the entirety of the government's evidence as presented at trial, from the facts alleged in the Criminal Complaint the court can determine that the government was justified in charging one conspiracy with the objective of distributing three drugs. Whether the evidence supports that charge will be for the jury to determine. Therefore, I find that Count One of the Indictment is not duplicitous, and I recommend that the court deny the motions to dismiss on this basis.

## PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Venue to prosecute a conspiracy charge lies in any district in which an act in furtherance of the conspiracy was committed;
2. The government has provided evidence of a number of overt acts committed in furtherance of this alleged drug conspiracy within the Western District of Virginia;
3. The Western District of Virginia has venue over this drug conspiracy case;
4. Count One of the Indictment charges the defendants with a single conspiracy to distribute three drugs; and
5. Count One is not impermissibly duplicitous.

## RECOMMENDED DISPOSITION

For the reasoning set out above, the undersigned recommends that this court deny the Motions.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(c):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations could waive appellate review.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Chief United States District Judge.

DATED: This 23rd day of March 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE